UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALVIN BRIGHT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: |
| | § | |
| FORSTER & HOWELL, INC. | § | JURY DEMAND |
| | § | |
| Defendant. | § | |

## COMPLAINT

## INTRODUCTION

1. This is an action for legal and equitable relief to redress unlawful conduct under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et. seq., the Fair Labor Standards Act of 1938, 29 U.S.C. 201 et seq. ("FLSA") and the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101 et. seq. Suit is also brought to redress the deprivation of rights secured by Alabama State law. The Plaintiff requests a trial by jury of all issues so triable to a jury.

## JURISDICTION

2. Jurisdiction is invoked pursuant to 28 U.S.C. §1331, 29 U.S.C. §216., and §29 U.S.C. 621 et. seq. Supplemental jurisdiction is appropriate pursuant to 28 U.S.C. §1367.

3. The Defendant, Forster & Howell, Inc., ("Defendant") employed the Plaintiff in Houston County, Alabama where the events or omissions giving rise to the Plaintiff's claims occurred. Therefore, venue in the Middle District of Alabama is proper pursuant to 28 U.S.C. §1391.

## PARTIES

4. The Plaintiff, Alvin Bright, was employed with the Defendant for over 15 years and at the time of his termination was 69 years old. At all relevant times herein, he has been a resident of the State of Alabama.

5. The Defendant is an Alabama corporation and is doing substantial business in Houston County, Alabama as well as other locations through Alabama and in Florida. Defendant is therefore engaged in interstate commerce. It also employs more than 50 people and is an employer for all purposes herein.

## STATEMENT OF FACTS

6. Mr. Bright worked for the Defendant from 2009 to 2023 as a maintenance repair employee. On or about December 24, 2022, the Plaintiff suffered injuries and damages to his knee while working in the line and scope of his employment with the Defendant.

7. While employed by Defendant, Plaintiff was a non-exempt employee under the FLSA. During at least the last 2 years and possible longer of his employment with Defendant the Plaintiff was to be paid at a rate of $28.85 per hour.

8. Although Plaintiff worked over 40 hours in some weeks, he did not receive compensation for all hours worked, nor did he receive the overtime premium required by 29 U.S.C. 207(a).

9. Further, the Defendant did not maintain an accurate and complete record of the Plaintiff's hours worked as required by 29 U.S.C 211. Defendant did not have a time clock for the employees, but it did have a computer-based system whereby the Defendant set assigned tasks for

Plaintiff and Plaintiff reported how long these tasks took as well as travel time to and from each location where work was required.

10. The work hours reported on Plaintiff's paystub were also false.

11. On August 25, 2023, the Plaintiff and another employee were summoned by the three owners of the Defendant to meet at the Panama City, Florida office. One of the owners, Kent Forster, stated "It's been a good run, but it's time for you to retire." The Plaintiff stated that he did not want to retire for a few more years. Mr. Forster then asked if the Plaintiff was 70. When the Plaintiff confirmed he was almost 70, Mr. Forster stated that they did not want the Plaintiff on ladders. Mr. Forster went on to say "It's just become a liability on us. Your knee is bad now. Today is your last day."

12. The Plaintiff has met all administrative conditions for filing this case under the above statutes. He filed a timely charge with the Equal Employment Opportunity Commission and is filing this suit within 90 days of receiving notice of his right to sue.

13. The Plaintiff has no adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, back pay, mental anguish, an injunction, and compensatory and punitive damages is his only means of securing adequate relief. The Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT I
## AGE DISCRIMINATION IN EMPLOYMENT ACT

14. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 13 above.

15. The Defendant willfully violated the Age Discrimination in Employment Act, 29 U.S.C. §621 et. seq. by intentionally and/or willfully terminating the Plaintiff because of his age, and then replacing him with a substantially younger individual.

16. As a proximate result of the foregoing acts and omissions of the Defendant, the Plaintiff has suffered damages including, but not limited to past and future lost wages, employment benefits, and other compensation which were denied him by reason of the violation, together with the interest, and liquidated damages.

17. The Plaintiff also seeks such equitable relief as may be appropriate, including but not limited to employment, reinstatement, and promotion.

18. The Plaintiff will also seek an award of attorney's fees, expert witness fees, and other costs of the action to be paid by the Defendant and other damages allowed by law.

WHEREFORE, the Plaintiff prays that judgment be entered in his favor and against the Defendant herein for all such damages which are allowed by law to redress the wrong committed in violation of the Age Discrimination in Employment Act.

## COUNT II
## AMERICANS WITH DISABILITIES ACT
### Perceived Disability

19. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 18 as set forth above.

20. The Plaintiff is an individual who was well qualified for his position and fully able to perform the duties of his job, but who was wrongfully regarded by his employer as being disabled under the Equal Opportunity for Individuals with Disabilities Act, commonly known as the Americans with Disabilities Act, 42 U.S.C. §12101 et. seq.   The Defendant

4

wrongfully discriminated against the Plaintiff in violation of the ADA by terminating Plaintiff and then replacing Plaintiff with an individual, whom Defendant perceived to have no such disability.

21. As the proximate result of the acts and omissions of the Defendant, the Plaintiff has suffered damages including loss of past and future earnings, benefits, interest, costs and other pecuniary loss.

22. As a further proximate result of the conduct of the Defendant, the Plaintiff has suffered from severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.

23. Plaintiff therefore seeks legal and equitable relief and an Order requiring the defendants to make the Plaintiff whole by awarding him compensatory damages for the wrong endured and punitive and/or nominal damages as determined by the jury.

24. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

WHEREFORE, the Plaintiff prays that judgment be entered in his favor and against the defendant herein for all such damages which are allowed by law to redress the wrong committed in violation of the Americans with Disabilities Act.

## COUNT III
## VIOLATION OF FAIR LABOR STANDARDS ACT

25. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 24 as set forth above.

26. While employed with the Defendant, Plaintiff was entitled to the rights, protections and benefits provided by the FLSA, 29 U.S.C. §201 *et. seq.*

27. The FLSA states that no employer shall employ any of its employees longer than 40 hours a week unless the employee receives compensation for his employment at a rate not less than one and one-half times his regular rate of pay for hours worked over 40. 29 U.S.C. §207 (a).

28. The Defendant violated the FLSA as follows:

a. The Defendant did not pay the Plaintiff for all overtime hours worked,

b. The Defendant did not pay one and one half times the regular rate of pay for all hours worked over 40 as required by 29 U.S.C. §207(a).

c. The Defendant did not keep accurate records of the hours worked by Plaintiff and therefore violated 29 U.S.C. 211.

29. Defendant's failure to comply with the FLSA has been willful, not in good faith, and without reasonable basis.

30. As the proximate result of the Defendant's violations of the FLSA, Plaintiff is entitled to damages pursuant to 29 U.S.C. §216 (b) for unpaid overtime, liquidated damages in an amount equal to such wages, and interest thereon.  Plaintiff is also entitled to reimbursement from the Defendant for his costs and attorneys' fees.

WHEREFORE, the Plaintiff prays that judgment be entered in his favor and against the Defendant for the relief sought and for such remedies as the court deems appropriate.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (TORT OF OUTRAGE)

31. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 30.

32. The Defendant engaged in extreme and outrageous conduct by unlawfully denying the Plaintiff his rights under federal and state law and by intentionally dealing with the Plaintiff in a way as to intentionally cause the most distress possible. Defendant's conduct was not only unlawful, but was utterly atrocious and is conduct which is not tolerated by society.

33. As a proximate result of the acts and omissions of the Defendant, the Plaintiff has suffered damages including past and future loss of earnings, benefits and other compensation, interest, attorneys' fees, costs and other pecuniary loss.

34. As a further proximate result of Defendants' conduct, the Plaintiff has suffered from severe emotional and mental distress, anguish, humiliation, embarrassment, shock, pain, discomfort and anxiety.

WHEREFORE, the Plaintiff prays that judgment be entered in his favor and against the Defendant herein for all such compensatory and punitive damages which are allowed by law.

## COUNT V
## BREACH OF CONTRACT

35. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 34 as set forth above.

36. During Plaintiff's employment, Defendant made an implied or express promise to pay Plaintiff $28.85 per hour as the regular rate of pay for all hours worked.

37. Defendants willfully breached this promise and failed to pay the Plaintiff according to the terms of their agreement.

38. As the proximate result of the Defendants' breach, the Plaintiff has suffered lost wages and interest.

WHEREFORE, the Plaintiff prays that judgment be entered in his favor and against the Defendant for the relief sought and for such remedies as the court deems appropriate.

### EQUITABLE PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, in addition to the above claimed legal remedies also prays for a declaratory judgment holding that the actions of the Employer, described above, violated and continue to violate the rights of the Plaintiff as secured by the respective federal statutes and that a permanent injunction enjoining the Employer, their agents, affiliates, successors, employees, attorneys and those acting in concert with the defendant and on the defendant's behalf from continuing to violate such laws and for such other and equitable relief as appropriate.

Respectfully submitted this 5th day of December, 2024.

                                      s/Harry P. Hall, II
                                      Harry P. Hall, II (ASB-1371-L71H)
                                      Ashton H. Ott (ASB-7085-E58A)

OF COUNSEL:
FarmerPrice LLP
100 Adris Place
Dothan, Alabama  36303
(334) 793-2424
harry@farmerprice.com
ashton@farmerprice.com

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY
ON ALL ISSUES TRIABLE TO A JURY.**

<u>s/Harry P. Hall, II</u>
Harry P. Hall, II

SERVE DEFENDANT AT:

Forster & Howell, Inc.
c/o Kent B. Forster, Registered Agent
2572 Fortner St., Suite 1
Dothan, AL 36305